IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher M. Kennan, | C/A No. 23-cv-1213-SAL |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Ms. Squire; Donnie Stonebreaker; Felicia McKie; Bryan P. Stirling, | |
| Defendants. | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Molly H. Cherry made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report"). [ECF No. 14.] The magistrate judge recommends the court deny Plaintiff Christopher M. Kennan's motion for a preliminary injunction, ECF No. 7. The Report notified Plaintiff of the procedures and requirements for filing objections to the magistrate judge's recommendation. [ECF No. 14 at 5.] Plaintiff filed objections on August 2, 2023. [ECF No. 19.] For the reasons below, the court overrules Plaintiff's objections and adopts the Report.

## BACKGROUND

Plaintiff is an inmate in the South Carolina Department of Corrections ("SCDC"). Proceeding *pro se*, Plaintiff sued several SCDC officers ("Defendants") under 42 U.S.C. § 1983 for violation of his constitutional right to access the courts. [ECF No. 1 at 1, 3.] On March 27, 2023, Plaintiff filed a motion titled "Order to Show Cause for a Preliminary Injunction." [ECF No. 7 at 1.] The court construes Plaintiff's motion as one for a preliminary injunction. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (instructing courts to construe a *pro se* litigant's

claims liberally).  The order would require Defendants to provide legal supplies to inmates "in a timely manner" and to allow "technical errors" in prisoner grievances.  [ECF No. 7 at 1.]

The magistrate judge recommends denial of the motion because Plaintiff has not shown the "extraordinary remedy" is necessary.  [ECF No. 14 at 2 (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)).]  Plaintiff objects, claiming an injunction is needed to prevent a constitutional violation.  [ECF No. 19 at 13.]  The matter is now fully briefed and ripe for review.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to the court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  In response to a recommendation, any party may file written objections.  *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)).  The district court then reviews *de novo* only the portions of the Report to which a party has specifically objected.  *Id.*  An objection is sufficiently specific if it reasonably alerts the court of a party's true objection to the Report.  *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  The district court is reasonably alerted to a party's objection if the litigant expresses belief that the magistrate judge erred in recommending dismissal of a claim.  *Id.* at 461 (citing *Martin v. Duffy*, 858 F.3d 239, 246 (4th Cir. 2017)).  If instead a litigant objects only generally, the court reviews the Report for clear error.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).  Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

**DISCUSSION**

The magistrate judge recommends the court deny Plaintiff's motion for a preliminary injunction because Plaintiff "has not made a clear showing for relief." [ECF No. 14 at 2.] Plaintiff admits he did not know the legal standard for obtaining a preliminary injunction when he filed his motion. [ECF No. 19 at 1.] In his objections, he argues he meets all applicable requirements. *Id.* at 13. The court agrees with the magistrate judge for the reasons set forth in the Report and summarized below.

A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (citation omitted). To prevail on a request for preliminary injunctive relief, a plaintiff must demonstrate "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## I.     Likelihood of Success on the Merits

The Report finds Plaintiff has not established a likelihood of success on the merits. [ECF No. 14 at 3.] In his complaint, Plaintiff argues SCDC's internal procedures deprive inmates of their constitutional right to access the courts. [ECF No. 1 at 5.] The magistrate judge concludes that Plaintiff appears to ask the court to "direct the day-to-day administrative workings of SCDC[,]" and notes this is "not the business of federal judges[.]" [ECF No. 14 at 3 (citing *Meachum v. Fano*, 427 U.S. 215, 229 (1976)).] In response, Plaintiff contends his "goal is not to overthrow any grievance system" and claims he only requests what "the Constitution demands." [ECF No. 19 at 6.] The court agrees with the magistrate judge that Plaintiff's claim is unlikely to succeed on the merits.

3

A party seeking an injunction must make a "clear showing" he is likely to succeed at trial. *Pashby v. Delia*, 709 F.3d 307, 321 (4th Cir. 2013). In his objections, Plaintiff claims he has demonstrated a violation of his constitutional right to access the courts. [ECF No. 19 at 13 (citing *Bounds v. Smith*, 430 U.S. 817 (1977)).] He argues SCDC policies—including the requirements that inmates receive only 100 sheets of paper, two pens, and five envelopes per request, and that prisoners wait "upwards of" 45 days to receive these supplies, instead of Plaintiff's proposed five—amount to a "total denial" of his court access. [ECF No. 19 at 2, 13.] Plaintiff also contends that Defendants intentionally block inmates' access to the courts by dismissing procedurally defective grievances. *Id.* at 6, 14–17. The court is unpersuaded the alleged facts support those conclusions.

"*[M]eaningful* access to the courts is the touchstone" of an inmate's constitutional right to seek legal redress. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds*, 430 U.S. at 823) (emphasis added). Notably, the Constitution "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything[.]" *Id.* at 355. And, as the Report notes, courts must be careful not to dictate the administrative procedures of state prisons. *See Lewis*, 518 U.S. at 363 (approving a district court that "'scrupulously respected the limits on [its] role,' by 'not thrust[ing] itself into prison administration' and instead permitting 'prison administrators [to] exercis[e] wise discretion within the bounds of constitutional requirements'") (citation omitted)).

At this stage of the proceedings, inmates appear to have meaningful, even if imperfect, access to the courts. SCDC allows prisoners to file grievances and seemingly provides ample legal supplies to them. Moreover, Plaintiff's requested relief—which orders SCDC to provide more supplies, curtail delays, and "always" accept grievances notwithstanding procedural defects—

seems to unduly interfere with SCDC's affairs.  [ECF No. 19 at 6.]  The court thus finds Plaintiff is unlikely to succeed on the merits.

## II.    Irreparable Harm

Having predicted failure on the merits, the Report does not analyze the remaining *Winter* factors.  [ECF No. 14 at 3–4.]  Plaintiff objects and claims he satisfies each requirement for a preliminary injunction.  [ECF No. 19 at 1, 13.]  The court considers his arguments.

To obtain an injunction, Plaintiff must make a "clear showing" of irreparable harm that is "neither remote nor speculative, but actual and imminent."  *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).  Plaintiff does not carry that burden here.   In his objections, he vaguely argues SCDC policies "will continue to cause [him] . . . to miss critical court deadlines [and] may cause lost appeals and dismissals" due to filing issues.  [ECF No. 19 at 2.]  Plaintiff also claims the envelopes provided by SCDC "likely won't suffice" for service in "the other case" pending before the court.[1]  *Id.* at 13.  Notably, Plaintiff does not specify the cases or motions to which he refers.  The court thus finds that Plaintiff's alleged harm is too speculative to satisfy this prong.

## III.    Balance of Equities and Public Interest

Finally, Plaintiff contends he has shown the balance of equities tilt toward him and that the public interest would be served by injunctive relief.  [ECF No. 19 at 13.]  He specifically claims the third and fourth *Winter* factors are established whenever a First Amendment violation is likely. *Id.* (citing *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 191 (4th Cir. 2013)).  To this end, Plaintiff's cites the Fourth Circuit's finding that the state is not harmed by an injunction which enjoins "restrictions likely to be found unconstitutional," and that "[i]f anything, the system is

---

[1] The court notes Plaintiff may not be required to serve his prospective defendants.  *See* 28 U.S.C. § 1915 (allowing proceedings *in forma pauperis*).

improved by such an injunction." *Id.* (quoting *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 521 (4th Cir. 2002)).  But this precedent does not help Plaintiff because, as noted above, the court does not detect a First Amendment violation.

Additionally, the court determines the balance of equities favors Defendants.  While Plaintiff seems unlikely to experience harm under SCDC's existing policies, the state would very likely suffer as a result of the injunction.  Plaintiff's requested relief would require SCDC to fundamentally alter its procedures for reviewing grievances and distributing legal supplies.  The court finds this drastic change unwarranted, especially given Plaintiff's likelihood of success on the merits.

Importantly, the court finds the public interest is served when the judiciary plays its proper role.  "It is the role of courts to provide relief to claimants . . . who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution." *Lewis*, 518 U.S. at 349.  Plaintiff's objections are thus overruled.

## CONCLUSION

For the reasons set forth above, the Report, ECF No. 14, is adopted in its entirety and incorporated herein.  Plaintiff's motion for a preliminary injunction, ECF No. 7, is therefore **DENIED**.

**IT IS SO ORDERED.**

November 13, 2023                              Sherri A. Lydon
Columbia, South Carolina                   United States District Judge

6