IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher M. Kennan, | ) | C/A No.: 9:23-cv-1213-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ms. Squire; Donnie Stonebreaker, Warden at Evans CI; Felecia McKie, Inmate Grievance Branch Chief; and Bryan P. Sterling, Director of SCDC, | ) ) ) ) ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

    This matter is before the court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). ECF No. 101. In the Report, the magistrate judge recommends granting Defendants' motion for summary judgment, ECF No. 76, and for the reasons below, the court adopts the Report in full.

## BACKGROUND

    The court incorporates the magistrate judge's recitation of Plaintiff's allegations and of the undisputed facts disclosed by the record at this stage. In sum, Plaintiff Christopher M. Kennan is a prisoner incarcerated within the South Carolina Department of Corrections ("SCDC"), currently housed at Evans Correctional Institution ("ECI"). Proceeding pro se and in forma pauperis, he filed this civil rights action under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 on March 27, 2023. ECF No. 1. Plaintiff amended his complaint on December 15, 2023. ECF No. 43.

    On June 11, 2024, Defendants moved for summary judgment, ECF No. 76, which Plaintiff opposed on July 19, 2024. ECF No. 88. The magistrate judge issued the Report on November 8, 2024. ECF No. 101. Plaintiff objected to the Report on December 2, 2024, ECF No. 103, and

Defendants filed a timely reply. ECF No. 104. This matter is accordingly ripe for review.

## LEGAL STANDARD

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But "[i]n the absence of specific objections . . . , this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

As a preliminary matter, Plaintiff has filed multiple motions since the magistrate judge's Report, including a motion to supplement the record, ECF No. 106, and a motion to submit

proposed sur-reply, ECF No. 107. Out of an abundance of caution, the court grants both motions and considers the arguments and evidence referenced in the motions. Plaintiff makes three objections to the Report, which the court will address in turn below.

## I. Objection One

Plaintiff first objects to the Report's recommendation to dismiss his First Amendment access-to-court claim, arguing SCDC's failure to provide legal supplies hindered his access to the courts, resulting in the dismissal of one of the three cases he was pursuing under the Administrative Law Court ("ALC").

"Prisoners have a constitutional right to 'adequate, effective, and meaningful' access to the courts." *Pronin v. Johnson*, 628 F. App'x 160, 161 (4th Cir. 2015) (citing *Bounds v. Smith*, 430 U.S. 817, 822 (1977)). But as explained by the Supreme Court, to state a cognizable claim, a plaintiff must demonstrate a specific, actual injury caused by the denial of access. Further,

> [t]he injury requirement is not satisfied by just any type of frustrated legal claim. Nearly all of the access-to-courts cases in the *Bounds* line involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, or habeas petitions. In *Wolff v. McDonnell*, 418 U.S. 539 [(1974)], we extended this universe of relevant claims only slightly, to "civil rights actions"— *i.e.*, actions under 42 U.S.C. § 1983 to vindicate "basic constitutional rights."

*Lewis v. Casey*, 518 U.S. 343, 351–52, 354 (1996) (internal citations omitted); *see also King v. Orangeburg Cnty. Ct. of Common Pleas*, No. 5:23-CV-1898-TLW, 2023 WL 5622102, at *1 (D.S.C. Aug. 31, 2023) (noting a plaintiff "must show (1) that his efforts to pursue his legal claims were hindered and (2) that the underlying claim that he was hindered from raising is itself meritorious").

The magistrate judge recommended dismissal, finding Plaintiff failed to demonstrate actual injury or that his underlying ALC claims were meritorious. ECF No. 101 at 24–26. Plaintiff disagrees, arguing that one of the cases he had pending before the ALC, 22-ALJ-04-0127-AP,

concerned denial of indigent hygiene bags,[1] a denial that implicates the Eighth Amendment. He also argues that the dismissal of case 22-ALJ-04-0105-AP resulted from his inability to file a brief due to the lack of legal supplies for five months. ECF No. 103 at 2–3.

Regarding case ALC 22-ALJ-04-0127-AP, the ALC found that the denial of an indigent hygiene packet did not implicate a constitutionally protected property interest. *See* ECF No. 76-6. Plaintiff claims he was unable to argue an Eighth Amendment violation due to the lack of legal supplies. But the court finds he failed to demonstrate that his underlying claim was meritorious, particularly where the case only involved the denial of legal supplies, not hygiene supplies.

For case 22-ALJ-04-0105-AP, which was dismissed for failure to timely file a brief, ECF No. 76-5, Plaintiff challenges SCDC's handling of grievances but does not identify any remedy unavailable in his current claims here. Under *Christopher v. Harbury*, 536 U.S. 403, 415 (2002), no injury exists if the same claims can be litigated in a simpler case without a denial-of-access-element. Plaintiff has also failed to address the magistrate judge's conclusion that he "has not shown that his Underlying ALC Case implicated a state-created liberty interest, and without doing so, he cannot demonstrate his claim is nonfrivolous." ECF No. 101 at 26.

Accordingly, the court rejects Plaintiff's first objection.

## II.     Objection Two

Plaintiff's second objection challenges the magistrate judge's conclusion that he has no constitutional right to SCDC's grievance process. He argues the system unfairly prevents inmates from exhausting grievances by labeling issues as "non-grievable," thus blocking access to the

---

[1] SCDC policy PS-10.08, titled "Inmate Correspondence Privileges," provides in part that included in the monthly indigent hygiene packet ("Indigent Bag") an indigent inmate will be provided one pencil, eight sheets of paper, and two envelopes without the indigent inmates' account being debited. ECF No. 76-12 at 4.

courts. ECF No. 103 at 3. He asserts this violates his right to "proper exhaustion" under PLRA. *Id.* (citing *Ross v. Blake*, 136 S. Ct. 1850 (2018)).

But inmates have no constitutional right to a grievance system. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017). The PLRA also requires inmates to exhaust administrative remedies only if they are "available. Under *Ross,* a remedy is unavailable if it is a "dead end," is "opaque," or if prison officials prevent its use through "machination, misrepresentation, or intimidation." 136 S. Ct. at 1859–60.

Plaintiff argues that courts rely on *Adams,* which predates the PLRA, but cites no case law questioning this precedent post-PLRA. He seeks to reverse the burden of proof, arguing that SCDC manipulates the grievance process to block exhaustion and secure dismissals for failure to exhaust. But it is Plaintiff's burden to demonstrate that administrative remedies were unavailable. *See Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011). His argument to shift this burden is contrary to established law. Accordingly, the court rejects his second objection.

### III.    Objection Three

Plaintiff also challenges the magistrate judge's recommendation to dismiss his First Amendment retaliation claim. To prevail, he must demonstrate that (1) he engaged in constitutionally protected First Amendment activity; (2) Defendants took an action that adversely affected that protected activity; and (3) there was a causal relationship between Plaintiff's protected activity and Defendants' conduct. *See Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020). The Fourth Circuit has cautioned that courts should treat retaliation claims in the prison context "with skepticism because every act of discipline by prison officials is by definition retaliatory in the sense that it responds directly to prisoner misconduct." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (citations omitted).

The magistrate judge found it undisputed that Plaintiff engaged in constitutionally protected First Amendment activity when he filed grievances and that, for purposes of summary judgment, a genuine issue of material fact exists as to whether McKie implemented a 60-day grievance limitation as retaliation. ECF No. 1-1 at 29–30.

Relying on *Martin*, the magistrate judge noted the Fourth Circuit's recognition of two types of First Amendment retaliation claims: "(1) claims where the principal dispute is whether protected or unprotected conduct caused a defendant to take adverse action, and (2) claims where the principal dispute is whether a defendant took adverse action for retaliatory purposes." 977 F.3d at 303 (citing *Greenwich Citizens Comm., Inc. v. Cntys. of Warren & Washington Indus. Dev. Agency*, 77 F.3d 26, 33 (2d Cir. 1996)). In the first category—dual-motive cases—the defendant's adverse action occurs after the plaintiff engages in both protected and unprotected conduct. *Id.* "In th[e] second category of cases—'unitary event' cases—the plaintiff's protected conduct is a single event 'that could prompt either a permissible or an impermissible reason on the part of the defendant to act.'" *Id.* (quoting *Greenwich*, 77 F.3d at 33). The Fourth Circuit found that the grievance in *Martin* was a unitary event, and it held that in unitary event retaliation cases, application of the same-decision test "asks not whether the defendant would have reached the same decision absent the plaintiff's protected conduct, but whether the defendant would have reached the same decision absent a retaliatory motive." *Id.* at 303–04.

The magistrate judge classified Plaintiff's claim as a unitary event, where the relevant question is whether McKie would have imposed the grievance limitation absent a retaliatory motive. Plaintiff disagrees, arguing that the policy was inconsistently applied and that he exceeded grievance limits in prior months without consequence. He argued that the magistrate judge erred as follows:

6

> In both November of 2021 and again in December of 2022 I exceeded five step 1 grievance submissions for the month[,] and I received no warning nor was I placed on "Limitations." In September of 2022 I wrote eleven step 1 grievances. I was not placed on limitations until my submission total[led] at least ten. No limitations were imposed for grievances # 6, 7, 8, or 9, and only after I wrote an ARTSM to Mc. McKie mentioning that Ms. Black . . . told me that IGB was looking to ban me for filing too many grievances that made it to step 2.

ECF 103 at 4–5. But inconsistent application alone fails to establish retaliatory intent. Nor does Plaintiff identify any unprotected conduct that would require a dual-motive analysis. *See, e.g.*, *Martin*, 977 F.3d at 303–04 ("To wit, in 'unitary event' retaliation claims, the same-decision test asks not whether the defendant would have reached the same decision absent the plaintiff's protected conduct, but whether the defendant would have reached the same decision absent a retaliatory motive."). Here, there is no dispute that McKie could not have reached the same decision—placing Plaintiff on grievance limitation status—absent Plaintiff's grievance activities. Thus, there is no question the magistrate judge applied the correct analysis.

Plaintiff also disputes the magistrate judge's conclusion that "McKie has demonstrated that the decision to impose a sixty-day limitation would have been reached absent a retaliatory motive." ECF No. 101 at 32. As McKie attested:

> Inmate Christopher Michael Kennan, SCDC #385016, was placed on Grievance Limitations status for a sixty (60) day period by me in my capacity as Inmate Grievance Coordinator/Branch Chief of Inmate Grievance Branch on October 3, 2022, for abuse and misuse of the grievance system. This limitation was imposed for the Inmate's filing of an excessive number of grievances for duplicate issues, multiple issues, and other numerous failures to follow the Grievance Policy . . . . Grievance limitation may not be applicable to matters that relate to medical conditions, emergency situations, custody reductions, Prison Rape Elimination Act of 2003 (PREA), Americans With Disability Act of 1990 (ADA), or other matters that determine should not be subject to this Limitation. Each Grievance would be reviewed and managed accordingly. Grievant/Plaintiff was advised to seek Sick Call if he deemed necessary to address illness.

ECF No. 76-4 at 12–13.

In his motion to supplement the record, Plaintiff submitted emails that he states, "offer

7

insights into her attitude and directives which led to her placing me on 'Limitations' as are the relevant creation dates of these emails." ECF No. 106. But a review of these emails does not support Plaintiff's argument. *See* ECF No. 106-2. For example, in one email chain, McKie is directing another SCDC employee on the proper wording for rejecting one of Plaintiff's grievances, noting that she has been in discussion with the legal department to make sure the wording is appropriate and because "Keenan is fine-tooth picking every word and also raising concerns by the ALC about our Grievance Form." *Id.* at 4. However, this email, dated December 21, 2022, does not indicate retaliatory animus, particularly where this exchange occurred months after Plaintiff was placed on grievance limitations, and where he has provided no evidence or even argument concerning this particular grievance, including that it was improperly rejected.

Plaintiff also argues the policy was inconsistently applied and disputes the classification of his grievances. *See* ECF No. 103 at 4–5. But, as stated above, these allegations do not indicate a retaliatory animus necessary to sustain Plaintiff's First Amendment retaliation claim and do not address the magistrate judge's conclusion that McKie imposed a 60-day limitation on Plaintiff's ability to file grievances based on his overuse of the system, where it is undisputed that:

> he filed grievances in excess of the five-per-month limitation, nor has he produced evidence showing that any policy exceptions were applicable to his excess grievances. Instead, Plaintiff has asserted that his rewritten submissions should not be included as part of his five-month limit; but that assertion is contrary to SCDC's Inmate Grievance System policy. *See* ECF No. 76-10 at 7. Thus, Plaintiff has not shown or established a question of fact surrounding Defendant McKie's explanation, and Defendant McKie has met her burden to rebut any prima facie case of retaliation by showing that she would have imposed Plaintiff's grievance limitation absent a retaliatory motive.

ECF No. 101 at 33.[2]

---

[2] This court has rejected a plaintiff's claims that restrictions on his ability to place sick calls and file grievances were in retaliation for his exercise of his First Amendment rights. *Collins v. Riddell*,

For these reasons, the court rejects Plaintiff's third objection.[3]

## CONCLUSION

For these reasons, the court adopts the Report, ECF No. 101, and incorporates it herein. Accordingly, Defendants' motion for summary judgment, ECF No. 76, is **GRANTED** and Plaintiff's motion for preliminary injunction, ECF No. 96, is **DENIED**. Plaintiff's motions to supplement the record, to submit proposed sur-reply, and to drop all state-law based tort claims[4] are **GRANTED**. ECF Nos. 106, 107, 108. Plaintiff's motion to review process to serve costs/charges is **DENIED AS MOOT**. ECF No. 105.

IT IS SO ORDERED.

March 10, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

No. 8:18-CV-01580-MGL-JDA, 2019 WL 3719490, *8 n.9 (D.S.C. July 2, 2019) (recommending summary judgment on prisoner's First Amendment retaliation claim based on restrictions placed on his ability to place sick calls and file grievances), report and recommendation adopted, No. CV 8:18-1580-MGL, 2019 WL 3717987 (D.S.C. Aug. 7, 2019). The court explained that "Plaintiff points to nothing in the record that would tend to refute Defendants' contention that the limitations were a response to Plaintiff's abusing the kiosk system by filing multiple requests per day and filing grievances concerning issues that had already been addressed. Absent indication that the restrictions were based on retaliatory animus, any claim of retaliation fails." *Id.* (internal citations omitted) (citing *Glenn v. Delbalso*, No. 1:13-cv-02730, 2016 WL 930722, at *10 (M.D. Penn. Mar. 11, 2016); *Ayers v. Uphoff*, 1 F. App'x 851, 856 (10th Cir. 2001)).

[3] Given the court's order above, the court denies as moot Plaintiff's pending motion to review process to serve costs/charges where he states his motion seeks certain information relevant to settlement negotiations with Defendants. ECF No. 105.

[4] Plaintiff filed a motion to drop all state-law based tort claims. ECF No. 108. To the extent there are any such claims in his amended complaint, that motion is granted. This order and the Report otherwise address the constitutional claims and grant summary judgment on those.